## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**SHAUN ORNOT,**

     **Plaintiff,**

**v.**                          **Case No.**

**ELEVANCE HEALTH, INC.,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Shaun Ornot ("Plaintiff"), by and through undersigned counsel, herby sues Elevance Health, Inc. ("Defendant") and in support of states as follows:

## NATURE OF ACTION

1.    This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.* ("FCRA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Family and Medical Leave Act, 29 U.S.C. §2601 *et. seq.* ("FMLA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA and the FMLA.

3.    This Court has supplemental jurisdiction over Plaintiff's claims arising from the FCRA pursuant to 28 U.S.C. § 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

5.    Plaintiff is a resident of Pinellas County, Florida.

6.    Plaintiff worked for Defendant in Pinellas County, Florida and Hillsborough County, Florida.

7.    Defendant is a Foreign Profit Corporation.

8.    At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents and/or employees of Defendant and were at all times acting within the scope and course of their agency and/or employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

9.    At all times during Plaintiff's employment with Defendant, Plaintiff was considered an employee within the meaning of the FCRA and the ADA.

10.    At all times during Plaintiff employment with Defendant, Plaintiff was considered an eligible employee within the meaning of the FMLA.

11.    At all times during Plaintiff's employment with Defendant, Defendant was considered an employer within the meaning of the FCRA, the ADA and the FMLA.

12.    Plaintiff was disabled as defined by the ADA during his employment with Defendant and at the time of his termination by Defendant.

13.    Plaintiff had a handicap as defined by the FCRA during his employment with Defendant and at the time of his termination by Defendant.

14.    Defendant knew of Plaintiff's disability and handicap during his employment with Defendant and at the time of Plaintiff's termination by Defendant.

15.    Plaintiff had a serious health condition as defined by the FMLA during his employment with Defendant and at the time of his termination by Defendant.

16.    Plaintiff was a qualified individual as defined by the FCRA and the ADA during his employment with Defendant.

17.    Plaintiff worked at least 1250 hours for Defendant within the twelve (12) months preceding his request for leave pursuant to the FMLA.

18.    Plaintiff was employed by Defendant for more than twelve (12) months.

19.    Plaintiff was employed by Defendant at a worksite with fifty (50) or more employees within 75 miles of that worksite.

## PROCEDURAL REQUIREMENTS

20.    Plaintiff timely dual-filed a charge (the "Charge") of discrimination against Defendant with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC").

21.    On February 20, 2026, the EEOC issued a Determination and Notice of Rights letter ("Letter").

22.    This complaint was filed within ninety (90) days of receipt of the Letter.

## STATEMENT OF FACTS

23.    Defendant hired Plaintiff on or around April 19, 2021.

24.    Over the next several years, Plaintiff received promotions and regularly received positive performance reviews.

25.    During Plaintiff's employment with Defendant, he informed his initial supervisor Andrew H. and his most recent supervisor, Dirk Reinhardt ("Mr. Reinhardt"), that Plaintiff suffered from osteoarthritis of his right hip.

26.    Osteoarthritis is a progressive and debilitating degenerative disease that substantially limits Plaintiff's ability to walk, stand, sit, bend, care for himself, perform manual tasks, and work.

27.    On or around August 16, 2024, Plaintiff met with Mr. Reinhardt wherein Plaintiff informed Mr. Reinhardt that Plaintiff would need ADA and FMLA leave to attend physiotherapy appointments for his osteoarthritis.

28.    Plaintiff also informed Mr. Reinhardt that Plaintiff had a doctor's appointment on or around August 19, 2024, and that Plaintiff would require surgery soon.

29.    On or around August 19, 2024, Plaintiff's orthopedic specialist informed Plaintiff that he required a total right hip arthroplasty, and that the surgery would be complicated.

30.    On or around September 11, 2024, Plaintiff again met with Mr. Reinhardt and informed him that Plaintiff required surgery and would need leave as an ADA accommodation and FMLA leave to recover from the surgery.

31.    On or round September 16, 2024, Plaintiff met with another orthopedic specialist, wherein Plaintiff was further diagnosed with KL Grade IV degenerative osteoarthritis and scheduled a surgery for November 16, 2024.

32.    Plaintiff then informed Mr. Reinhardt of the scheduled surgery and his need for leave as an ADA accommodation and FMLA leave and Plaintiff submitted these requests through Defendant's leave request portal on October 2, 2024.

33.    On or around October 18, 2024, Mr. Reinhardt informed Plaintiff that he was being terminated, with an effective date of November 15, 2024.

34.    Plaintiff has satisfied all conditions precedent, or they have been waived.

35.    Plaintiff has retained the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in violation of the FCRA

36.    All allegations prior to Count I are realleged and incorporated herein.

37.    At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

38.    Plaintiff had an actual handicap during his employment with Defendant and had an actual handicap at the time of his termination with Defendant

39.    Defendant terminated Plaintiff because of his handicap.

40.    Defendant's termination of Plaintiff because of his handicap constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

41.    As a direct and proximate cause of Defendant's intentional unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count II – Failure to accommodate in violation of the FCRA

42.    All allegations prior to Count I are realleged and incorporated herein.

43.    At all times relevant to this action, Plaintiff was and is a qualified individual with a handicap within the meaning of the FCRA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

44.    Plaintiff had an actual handicap during his employment with Defendant and had an actual handicap at the time of his termination with Defendant

45.    Defendant terminated Plaintiff because of his handicap.

46.    Plaintiff requested leave as an accommodation due to his own handicap.

47.    Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his handicap, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's handicap.

48.    As a direct and proximate cause of Defendant's intentional failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count III – Retaliation in violation of the FCRA

49.    All allegations prior to Count I are reallaged and incorporated herein.

50.    Plaintiff engaged in protected activity by requesting a reasonable accommodation.

51.    Defendant retaliated against Plaintiff by terminating his employment.

52.    As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count IV– Discrimination in violation of the ADA

53.    All allegations prior to Count I are reallaged and incorporated herein.

54.    At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

55.    Plaintiff has an actual disability during his employment with Defendant and had an actual disability at the time of his termination with Defendant

56.    Defendant terminated Plaintiff because of his handicap.

57.    Defendant's termination of Plaintiff because of his disability constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

58.    As a direct and proximate cause of Defendant's intentional unlawful termination of Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## **Count V – Failure to accommodate in violation of the ADA**

59.    All allegations prior to Count I are reallaged and incorporated herein.

60.    At all times relevant to this action, Plaintiff was and is a qualified individual with a disability within the meaning of the ADA in that Plaintiff was and is capable of performing all essential functions of his employment position with or without a reasonable accommodation.

61.    Plaintiff has an actual disability during his employment with Defendant and had an actual disability at the time of his termination with Defendant

62.    Plaintiff requested leave as an accommodation due to his own disability.

63.    Defendant failed to engage in the required interactive process of evaluating and responding to Plaintiff's request to accommodate his disability, failed to establish that the requested accommodation was an undue hardship, and ultimately failed to reasonably accommodate Plaintiff's disability.

64.    As a direct and proximate cause of Defendant's intentional failure to accommodate Plaintiff, he has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VI – Retaliation in violation of the ADA

65.    All allegations prior to Count I are realleged and incorporated herein.

66.    Plaintiff engaged in protected activity by requesting a reasonable accommodation.

67.    Defendant retaliated against Plaintiff by terminating his employment.

68.    As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VII – Interference in Violation of the FMLA

69.    All allegations prior to Count I are realleged and incorporated herein.

70.    Plaintiff was eligible for FMLA leave.

71.    Plaintiff was entitled to FMLA leave.

72.    Defendant interfered with Plaintiff's rights under the FMLA by failing to provide him leave.

73.    As a result of Defendant's unlawful interference of Plaintiff's rights under the FMLA, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## Count VIII – Retaliation in Violation of the FMLA

74.    All allegations prior to Count I are realleged and incorporated herein.

75.    Plaintiff was eligible for FMLA leave.

76.    Plaintiff was entitled to FMLA leave.

77.    Plaintiff engaged in protected activity by requesting FMLA leave.

78.    Defendant took an adverse employment action by terminating Plaintiff.

79.    Defendant took the adverse employment action because of Plaintiff's protected activity.

80.    As a direct and proximate cause of Defendant's intentional retaliation, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a)    That process issue and that this Court take jurisdiction over the case;

(b)    Judgement against Defendant in the amount of Plaintiff's back wages and back benefits, commissions, bonuses, front-pay and front benefits, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c)    All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d)    For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 9th day of March 2026 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email: Jason@woodsidelawpa.com
*Attorney for Plaintiff*